PEOPLE v. WARNER.

1. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—COMMUNICATION BY JURY TO JUDGE IN ABSENCE OF COUNSEL.

Question as to propriety of receipt of message from jury by trial judge in criminal case in the absence of defendant and his attorney *held*, before Supreme Court for review where question asked by jury was filed with clerk and defendant assigned error thereon and matter was discussed in his brief.

2. CRIMINAL LAW—JURY—SENTENCE.

In this State a jury has nothing to do with the matter of sentence.

3. SAME—JURY—RECOMMENDATION OF LENIENCY—CONSENT OF COURT.

Extension to jury of right to consider, in rendering its verdict, a recommendation of leniency as to the consequences *held*, reversible error, where judge consented to jury's rendition of verdict accompanied by a recommendation of leniency without explaining that he alone had the responsibility of sentencing defendant and 10 minutes after they retired they returned with a verdict of guilty accompanied by a recommendation of leniency.

4. SAME—RECOMMENDATION OF LENIENCY—INSTRUCTIONS.

    Entertainment by court of question from jury, in trial of one accused of assault with intent to do great bodily harm less than murder, as to whether it might accompany its verdict with a recommendation of leniency and answering it in the affirmative without qualification or instruction that their verdict must not be influenced by any such consideration was tantamount to a sharing with the jury the judicial function which could only arise out of a verdict of guilty.

5. SAME—RECOMMENDATION OF LENIENCY—AUTHORITY.

    An unauthorized recommendation of leniency does not render a verdict void for it may be treated as mere surplusage whereas an authorized recommendation of leniency, quickly acted upon, discloses that the verdict was influenced thereby.

6. SAME—VERDICTS—RECOMMENDATION OF LENIENCY.

    In the absence of a statute a jury's recommendation of leniency is no part of the verdict and is allowable only after the jury has agreed upon an unqualified verdict of guilty.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted April 13, 1939. (Docket No. 107, Calendar No. 40,383.) Decided July 6, 1939.

Frank E. Warner was convicted of the crime of assault with the intent of doing great bodily harm less than murder. Reversed with new trial.

*J. Paul Wait,* for appellant.

*Thomas Read,* Attorney General, *Edmund E. Shepherd,* Assistant Attorney General, and *Dwight M. Britton,* Prosecuting Attorney, for the people.

WIEST, J. I find reversible error.

The record shows that the jury retired at 11:45 a. m. to consider the verdict, returned into court at 3:55 p. m. and received further instruction, returned again at 4:45 p. m. and received additional instruction, returned again at 11 p. m., and then the following occurred in the absence of defendant and his counsel:

*The Court:* "Members of the jury, the question that you ask the court, the court will consider confidential. No one knows the contents of your question but you and myself, and the question will be filed with the clerk, then it becomes public property. The reason that I do not divulge the question at this time is because it would show the extent of your deliberations. The answer is 'yes.' You may retire."

Ten minutes later the jury returned a verdict of guilty, as charged, with recommendation of leniency. The record discloses that the question by the jury was as follows:

"The jury wants to know if a verdict may be accompanied by recommendation of leniency."

Defendant's assignment of error No. 15 is as follows:

"The court erred in receiving a message from the jury without making known the contents thereof to defendant and his attorney, and in answering 'yes' to said message now known and attached to bill of exceptions as a certified copy, without explaining the law to the jury that the court alone had the duty of sentencing any defendant."

In his brief counsel for defendant argue the point as follows:

"Our assignment No. 15 also points out what we feel to have been a grievous error, when the court received a message without making known its contents, but in answering 'yes' to same, said message being what we now know to have been the question: 'The jury wants to know if a verdict may be accompanied by a recommendation of leniency,' this being set forth in the clerk's certified copy in the record on page 132. Without the judge making this question known, and without explaining that the court alone had the responsibility of sentencing the defendant,

it makes it look like a promise to them that leniency would be given.''

So the point is before us for consideration and determination.

The jury should have been instructed that they had nothing to do with the matter of sentence, and the court was in error in extending to the jury the right to consider, in rendering a verdict, a recommendation of leniency as to the consequences. That this operated upon the minds of the jury to the detriment of the defendant is apparent from the fact that, within 10 minutes, a verdict of guilty was rendered and incorporated therein a recommendation of leniency. The jury must have understood that such recommendation would be considered.

In *State* v. *Kernan,* 154 Iowa, 672 (135 N. W. 362, 40 L. R. A. [N. S.] 239), it was said:

''The cause had been submitted to the jury, and, after being out all night, that body came into court, and, in the absence of defendant, stated that they had failed to agree and wanted to know if they could make a recommendation to the court. Thereupon the court informed them that 'while it is not usual, and some of the judges objected to a recommendation, it didn't, and they might do so, and he would consider such recommendation.' The jury then retired and on the same day returned a verdict of guilty, and recommended 'the clemency of the court and that the sentence be made as light as possible.' Though doubtless not so intended, what occurred was well calculated to influence the verdict of the jury. Indeed, that the court's response would be so used was to be inferred from the inquiry. As contended, no promise was made save that the 'recommendation would be considered,' but, from what was said, the jury might well have understood that it would be favorably considered, and at least that it would be weighed in pronouncing judgment. It amounted to

holding out an inducement to the jury to agree upon a verdict, although under the indeterminate sentence law such recommendation might not have been given the slightest consideration, for, in any event, the maximum penalty must have been imposed. * * *

"The jurors should not have concerned themselves with the punishment, and ought to have been plainly told that they ought not to take that into consideration. Their function ended in deducing the truth from the evidence adduced and expressing it in their verdict. Anything said by the court calculated to draw their attention from the performance thereof, and to induce them to rest their conclusion upon ulterior consideration necessarily was misleading and prejudicial. We are of opinion that the promise of the court to give the recommendation consideration might well have led the jury to believe, and doubtless did, that the sentence to follow would be somewhat modified because thereof, and that this was extremely prejudicial to the defendant."

Entertaining the question and answering it in the affirmative, without qualification or instruction that their verdict must not be influenced by any such consideration, let the jury understand that, if they found defendant guilty, their recommendation of leniency would be entertained and employed in meting punishment on their verdict or, in other words, the court would share with the jury the judicial function which could only arise out of a verdict of guilty. Under this record the point stands as though the court had said to the jury, "If you find defendant guilty, I will be lenient in passing sentence."

An unauthorized recommendation to leniency does not render a verdict void for it may be treated as mere surplusage. But an authorized recommendation to leniency, quickly acted upon, discloses that the verdict was influenced thereby.

Conceding that the jury had no right to consider the penalty emphasizes the fact that the penalty must

have influenced the verdict when the jury were informed that their verdict might express their views in behalf of leniency without being instructed that the issue before them was to be decided regardless of consequent penalty to be imposed by the court under a verdict of guilty.

In some States statutes permit the jury to fix the sentence; in some other States statutes permit the jury to recommend leniency in avoidance of mandatory capital punishment, and in still some others statutes permit the jury to recommend leniency, but I think it will be found that, except under statutes permitting the jury to fix the penalty, the rule is that the recommendation of leniency is no part of the verdict but only allowed after the jury has agreed upon an unqualified verdict of guilty.

Defendant was entitled to a fair trial and to a verdict by the jury upon the evidence without consideration of the punishment to be administered.

See *State* v. *Doucet,* 177 La. 63 (147 South. 500, 87 A. L. R. 1356); *State* v. *Kiefer,* 16 S. D. 180 (91 N. W. 1117, 1 Ann. Cas. 268); *Territory of New Mexico* v. *Griego,* 8 N. M. 133 (42 Pac. 81); *McBean* v. *State,* 83 Wis. 206 (53 N. W. 497).

This error cannot be glossed over and commands reversal of the conviction and a new trial.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.