PEOPLE v BELL

Docket No. 77-2295. Submitted January 4, 1979, at Lansing.—Decided
    February 5, 1979.

    Bennie B. Bell was convicted of armed robbery in the Genesee
    Circuit Court, Ollie B. Bivins, Jr., J. Defendant appeals claim-
    ing error in the trial court's refusal to allow cross-examination
    of an accomplice testifying as a prosecution witness regarding
    the witness's possible motive for testifying against the defend-
    ant. *Held:*

    1. The trial court abused its discretion in refusing to permit
    the defendant to question an accomplice testifying as a prosecu-
    tion witness whether the accomplice had been told that the
    offense with which he was originally charged was *nonproba-
    tionable* and that the offense to which he entered a plea of
    guilty as part of a plea bargain was probationable since such a
    distinction is a fact which could have motivated the witness in
    testifying against the defendant.

    2. A prosecutor and trial judge must disclose to the jury,
    upon defense request, the fact that an accomplice has been
    granted immunity or other leniency to secure his testimony.

    3. The focus of required disclosure is on facts which may
    motivate the witness in giving certain testimony, not on factors
    which may motivate a prosecutor in dealing subsequently with
    a witness.

    4. The scope of cross-examination is left to the sound discre-
    tion of the trial judge, however, a limitation on cross-examina-
    tion which prevents a person charged with a crime from
    placing before the jury facts from which bias, prejudice or lack
    of credibility of a prosecution witness might be inferred consti-
    tutes a denial of the Sixth Amendment right of confrontation.
        Reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 21 Am Jur 2d, Criminal Law §§ 146-153.
    81 Am Jur 2d, Witnesses §§ 560, 666.
    Preventing or limiting cross-examination of prosecution's witness as
        to motive for testifying. 62 ALR 2d 610.
[6] 29 Am Jur 2d, Evidence §§ 249, 251-257, 262, 263, 267.

1. WITNESSES — CRIMINAL LAW — ACCOMPLICES — CREDIBILITY —
   FAVORABLE TREATMENT — DISCLOSURE.

   A prosecutor and trial judge have a duty to disclose to the jury,
   upon defense request, the fact that an accomplice has been
   granted immunity or other leniency to secure his testimony;
   the focus of required disclosure is not on factors which may
   motivate a prosecutor in dealing subsequently with a witness
   but rather on facts which may motivate the witness in giving
   certain testimony.

2. WITNESSES — CRIMINAL LAW — CROSS-EXAMINATION — RIGHT OF
   CONFRONTATION — CONSTITUTIONAL LAW.

   The scope of cross-examination is a matter left to the sound
   discretion of a trial judge, however, a limitation on cross-exami-
   nation which prevents a person charged with a crime from
   placing before the jury facts from which bias, prejudice or lack
   of credibility of a prosecution witness might be inferred consti-
   tutes a denial of the right of confrontation guaranteed by the
   Sixth Amendment (US Const, Am VI).

3. WITNESSES — CRIMINAL LAW — FALSE TESTIMONY — CROSS-EXAMI-
   NATION — ACCOMPLICES.

   The importance of a defendant's right to cross-examine a witness
   on the witness's possible motive for testifying falsely is magni-
   fied when the witness is the star witness or an accomplice.

4. WITNESSES — CROSS-EXAMINATION — TESTIMONY.

   A party having the right to cross-examine a witness has the right
   to draw out from the witness and lay before the jury anything
   tending or which may tend to contradict, weaken, modify or
   explain the testimony of the witness on direct examination or
   which tends or may tend to elucidate the testimony or affect
   the testimony of the witness.

5. WITNESSES — CRIMINAL LAW — APPEAL AND ERROR — ACCOM-
   PLICES — PROBATIONABLE OFFENSES — TESTIMONY.

   A trial court abused its discretion in a trial for armed robbery in
   refusing to permit defense counsel to ask an accomplice of the
   defendant, who was testifying as a prosecution witness, if he
   had been told the distinction between a nonprobationable of-
   fense, armed robbery with which he had been charged, and a
   probationable offense, assault with intent to rob while armed to
   which he entered his plea of guilty as part of a plea bargain,
   where such a distinction is a fact which could have motivated
   the witness in testifying against the defendant.

6. CRIMINAL LAW — EVIDENCE — ADMISSIBILITY.

    Evidence inadmissible for one purpose is sometimes properly admitted for another purpose.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Green, Moon, Haldy, Gibbs & McCabe,* for defendant.

Before: BEASLEY, P.J., and D. F. WALSH and J. E. McDONALD,* JJ.

D. F. WALSH, J. Defendant Bennie Bernard Bell appeals his jury conviction of armed robbery, MCL 750.529; MSA 28.797. He has been sentenced to a prison term of 10 to 15 years.

The only direct testimony implicating defendant in the crime was that of Dennis Goodman. Mr. Goodman testified that he *(i.e.,* Goodman) entered the drugstore and committed the robbery. According to Goodman, defendant had given him the gun used in the robbery and had driven the getaway car.

During direct examination of Goodman the prosecutor established the fact that Goodman's testimony was given in exchange for a reduction of the charge against him from armed robbery to assault with intent to rob while armed, MCL 750.89; MSA 28.284. On cross-examination of Goodman, defense counsel unsuccessfully attempted to ask the witness if he had been told that armed robbery was a nonprobationable offense. MCL 771.1; MSA 28.1131. Out of the presence of the jury, the trial court ruled that "anything pertaining to punish-

---

    * Circuit judge, sitting on the Court of Appeals by assignment.

ment is not the jury's business". The judge noted that Goodman had not yet been sentenced on the assault charge and had not been promised probation.

The sole issue raised on appeal concerns the trial court's curtailment of defense counsel's cross-examination of Goodman.

In *People v Atkins,* 397 Mich 163; 243 NW2d 292 (1976), the Supreme Court discussed the duty of the prosecutor and the trial judge to disclose to the jury, upon defense request, the fact that an accomplice has been granted immunity or other leniency to secure his testimony: *"The focus of required disclosure is* not on factors which may motivate a prosecutor in dealing subsequently with a witness, but rather *on facts which may motivate the witness in giving certain testimony." Id.* at 174. (Emphasis added.)

While the scope of cross-examination is a matter left to the sound discretion of the trial judge, that discretion must be exercised with due regard for a defendant's constitutional rights. This limitation on trial court control of cross-examination was described in *United States v Garrett,* 542 F2d 23, 25 (CA 6, 1976):

"It is well settled that the extent to which a witness may be cross-examined is a matter to be determined by the trial court in exercise of its sound discretion. *Alford v. United States,* 282 U.S. 687, 694, 51 S. Ct. 218, 75 L.Ed. 624 (1931); *United States v. Baker,* 494 F.2d 1262, 1266 (6th Cir. 1974). However, a limitation on cross-examination which prevents a person charged with a crime from placing before the jury facts from which bias, prejudice or lack of credibility of a prosecution witness might be inferred constitutes denial of the right of confrontation guaranteed by the Sixth Amendment. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d

347 (1974); *Smith v. Illinois,* 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); *Alford v. United States, supra.*"

Also see *United States v Brown,* 546 F2d 166, 169 (CA 5, 1977), where the Fifth Circuit noted the defendant's right to cross-examine a witness on the witness's possible motive for testifying falsely. The importance of cross-examination is necessarily magnified when the witness being subjected to cross-examination is the "star witness" or an accomplice. *Id.* at 170.

In *People v Dellabonda,* 265 Mich 486, 499-500; 251 NW 594 (1933), the Michigan Supreme Court described the right of cross-examination.

"One of the elementary principles of cross-examination is that the party having the right to cross-examine has a right to draw out from the witness and lay before the jury anything tending or which may tend to contradict, weaken, modify or explain the testimony of the witness on direct examination or which tends or may tend to elucidate the testimony or affect the credibility of the witness."

This Court has recognized the importance of broad cross-examination in establishing a witness's interest in testifying and the narrow scope of the trial judge's discretion with respect to such cross-examination. *People v Sesson,* 45 Mich App 288, 301-302; 206 NW2d 495 (1973), *lv den* 389 Mich 801 (1973): "The interest of a witness is never irrelevant." 45 Mich App at 302.

We find that the trial court abused its discretion in refusing to permit defense counsel to ask Mr. Goodman if he had been told that armed robbery is a nonprobationable offense. The offense to which he entered a plea of guilty, although subject to the same maximum punishment of life imprisonment

as armed robbery, is probationable. In order for the jurors to appreciate the significance of the plea bargain and to thereby be able to judge Goodman's credibility in an informed fashion, they were entitled to know all facts about the bargain which could have influenced his decision to testify against the defendant. The importance of the distinction between a probationable and a nonprobationable offense cannot be denied. That distinction was certainly a fact which could have motivated Goodman in testifying against defendant. *People v Atkins, supra,* at 174.

The trial judge correctly ruled that the jury was not entitled to know the possible disposition of the defendant should the jury return a verdict of guilty of armed robbery. Evidence inadmissible for one purpose, however, is sometimes properly admitted for another purpose. *People v Spillman,* 399 Mich 313, 319; 249 NW2d 73 (1976), *reh den* 400 Mich 952 (1977). The jurors could have been instructed that the fact that armed robbery was a nonprobationable offense was not to be considered in their deliberations as to the defendant's guilt except as it affected their assessment of Goodman's credibility. They could have been carefully instructed that Goodman had not been promised probation but that probation would be an alternative available to the sentencing judge. Only with these facts in mind could the jury have properly determined Goodman's interest in testifying for the prosecution and attached to his testimony an informed degree of reliance. See *People v Crawl,* 401 Mich 1, 34-35; 257 NW2d 86 (1977) (opinion of LEVIN, J.).

Reversed.