374 So.2d 1166 (1979)
James Werner DANIELS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2148.
District Court of Appeal of Florida, Second District.
September 19, 1979.
Robert E. Doyle, Jr. of Asbell, Hains & Doyle, P.A., Naples, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Daniels appeals his convictions for possession and sale of phencyclidine, alleging that the court erred by prohibiting him from cross-examining the chief prosecution witness to show bias because that witness was on juvenile probation. We agree that appellant has the right to show bias by the witness' juvenile status, and we reverse.
While investigating the sale and use of drugs at Naples High School, Collier County sheriff's deputies used one Lou Graham, a juvenile, as an informant. On April 10 and 11, 1978, Graham met with the deputies who, on each occasion, searched him and provided him with certain moneys. He was then followed to the Naples High School parking lot by the officers on both dates but, while Graham was in the parking lot, he was out of the sight of all law enforcement officers.
During appellant's trial, Graham testified that on each of the two days in question, he purchased PCP (phencyclidine) from appellant. Only the testimony of Graham indicated that appellant possessed or sold drugs.
From discovery, appellant knew that Graham had been adjudicated a delinquent child several times, was then on probation, was incarcerated at the Fort Myers Detention Home, and had other charges pending against him during the period he was cooperating with the State. The court granted the State's pretrial motion in limine to prevent appellant from questioning Graham before the jury about his juvenile record, probationary status, incarceration, or pending charges. Appellant was permitted to cross-examine Graham about possible inducements for him to testify, and Graham testified that authorities had agreed to drop a charge against him if he would cooperate and help make arrests at the high school.
The United States Supreme Court has held that a criminal defendant, under the Sixth Amendment right to confront witnesses, may question a key prosecution witness about his status as a juvenile probationer to show bias. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). In Davis, the prosecution witness, Green, was on probation for a juvenile offense. Green's testimony was crucial in order to link the defendant to a burglary. Items from that burglary were found on Green's property. The lower court permitted questioning of Green as to whether he *1167 was concerned that police might suspect him of the burglary, but the defendant was prohibited from making inquiry as to Green's probationary status.
The Supreme Court noted that counsel had been permitted to ask the witness whether he was biased, but was unable to make a record from which to argue bias. The trial court thus denied effective cross-examination, a constitutional error uncured by a lack of prejudice. The Supreme Court also noted that State interest in maintaining confidentiality of juvenile records could not override the defendant's constitutional interest in cross-examination of witnesses for bias.
We have previously held that a defendant should be afforded wide latitude to demonstrate bias or possible motive of the witness to testify as he has. Blair v. State, 371 So.2d 224 (Fla.2d DCA 1979). We now hold, in accordance with Davis v. Alaska, supra, that this latitude includes questioning a juvenile who is a key prosecution witness about his juvenile probationary status, which has probative value to show that the witness had motive to testify so as to please authorities who have some discretion over his status.
REVERSED and REMANDED for new trial.
BOARDMAN, Acting C.J., and DANAHY, J., concur.