The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

William E. PATE, Defendant-Appellee.

No. 79SA366.

Supreme Court of Colorado,
En Banc.

March 9, 1981.

Robert L. Russel, Dist. Atty., Thomas A. Barnes, Jr., Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

J. Gregory Walta, Colorado State Public Defender, Norman R. Mueller, Cynthia C. Cederberg, Deputy State Public Defenders, Denver, for defendant-appellee.

ERICKSON, Justice.

The prosecution appealed on an issue of law pursuant to section 16–12–102, C.R.S. 1973. We affirm.

The defendant, William Everett Pate, was charged with four counts of aggravated robbery, one count of conspiracy to commit aggravated robbery, and one count of crime of violence, as a result of acts which allegedly occurred on May 9, 1979. Trial was to a jury. The jury acquitted the defendant and the prosecution asserts on appeal that the trial court erred in permitting defense counsel to cross-examine juvenile prosecution witnesses who admittedly participated in the commission of the crimes charged. The only witnesses who could identify the defendant were the two juveniles who conspired and allegedly assisted in the commission of a series of robberies. None of the robbery victims were able to identify the defendant.

The juvenile witnesses were seventeen years old and had long juvenile records. Prior to trial, both juveniles entered pleas of involvement (guilty) to two counts of aggravated robbery as the result of a plea bargain or negotiated plea. As part of the plea agreement, the juveniles were to testify at the defendant's trial. The dispositional (sentencing) hearing for both juveniles was purposefully deferred until the defendant's trial was completed. As a part of the negotiated pleas numerous other offenses which were pending against the juveniles were dismissed, including a charge of violent juvenile offender. A prosecution at-

torney testified that the agreement permitted the juvenile witnesses to avoid mandatory confinement.

Before the juveniles were called as witnesses by the prosecution, an in camera hearing was held to determine the latitude which would be granted to defense counsel in cross-examination. At issue was section 19–1–109(2), C.R.S.1973, which provides:

"(2) No adjudication, disposition, or evidence given in proceedings brought under section 19–1–104 shall be admissible against a child in any criminal or other action or proceeding, except in subsequent proceedings under section 19–1–104 concerning the same child."

Without addressing the extent of the restrictions the statute imposes, we conclude that the trial court properly accommodated the defendant's constitutional right to confrontation of a witness. *U.S.Const.* Amends. VI and XIV. *See also, Colo.Const.* Art. II, Sec. 16. The trial court was guided by *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), and also by our interpretation of section 19–1–109(2), C.R.S. 1973, in *People v. Hinchman*, 196 Colo. 526, 589 P.2d 917 (1978).

In measuring the defendant's constitutional right to confrontation and cross-examination of his accusers against the interests sought to be furthered by the statute which protects a juvenile from an unwarranted introduction of matters determined in prior juvenile proceedings, the trial court properly preserved the defendant's right to ascertain the credibility, bias, and motive for the witnesses' testimony against the defendant.

Cross-examination was permitted to determine the nature of the plea agreement, the participation by the juveniles in the crimes charged, motives for the testimony against the defendant, and the long background of the witnesses as juvenile offenders. The relevance of the testimony is apparent. Both juveniles were awaiting the imposition of sentence and both acknowledged that they desired to avoid further incarceration. Their testimony indicated that they were attempting to use their testimony against the defendant as a shield against further prosecution and as an attempt to obtain a lenient sentence. To have denied defense counsel the right to cross-examine these two juveniles, who admitted participation in the crime, would have denied the defendant the effective assistance of counsel.

Cross-examination is the engine of truth and an integral part of the constitutionally guaranteed right to counsel. It is also part and parcel of the defendant's right to confront an adverse witness or accuser. It affords defense counsel a basis for exposing to the jury the witness' character and his motives for testifying to particular facts. *See Daniels v. State*, 374 So.2d 1166 (Fla. App.1979). In reversing the Supreme Court of Alaska for restricting the right of cross-examination on the basis of the statute which afforded the same protection to a juvenile that our Colorado statute offers, the Supreme Court of the United States declared:

"[D]efense counsel should have been permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness. Petitioner was thus denied the right of effective cross-examination which 'would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it. *Brookhart v. Janis*, 384 U.S. 1, 3, 86 S.Ct. 1245, 1246, 16 L.Ed.2d 314.' *Smith v. Illinois*, 390 U.S. 129, 131, 88 S.Ct. 748, 750, 19 L.Ed.2d 956 (1968)." *Davis v. Alaska*, 415 U.S. 308, 318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347, 355 (1974).

As Chief Justice Burger said in *Davis v. Alaska* :

"In this setting we conclude that the *right of confrontation is paramount to the State's policy of protecting a juvenile offender.* Whatever temporary embarrassment might result to [the witness] or his family by disclosure of his juvenile record—if the prosecution insisted on using him to make its case—is outweighed by petitioner's right to probe into the

influence of possible bias in the testimony of a crucial identification witness." (Emphasis added.) *Davis v. Alaska*, 415 U.S. 308, 319, 94 S.Ct. 1105, 1112, 39 L.Ed.2d 347, 355 (1974).

The majority in *People v. Hinchman, supra*, concluded that the facts of that case permitted a limited restriction on the right of cross-examination.

Here, the factors weigh heavily in favor of cross-examination by defense counsel. Both juveniles admittedly participated in the crimes which were charged against the defendant. Both juveniles were seeking leniency, and had already obtained the dismissal of serious felony counts which would have mandated imprisonment. The dispositional hearing was purposely set for a time subsequent to the defendant's trial. No testimony tied the defendant to the crime other than that of the juvenile witnesses.

Under these circumstances, the defendant's constitutional right to confrontation and cross-examination was paramount to the interests afforded a juvenile under the statute. To have foreclosed cross-examination under the facts of this case would have been to deprive the defendant of rights guaranteed by both the Colorado and United States Constitutions and would have been contrary to the directions which we provided in *People v. King*, 179 Colo. 94, 498 P.2d 1142 (1972). *See also, People v. Bell*, 88 Mich.App. 345, 276 N.W.2d 605 (1979); *State v. Vaccaro*, 142 N.J.Super. 167, 361 A.2d 47 (1976).

Accordingly, we affirm the district court.