PEOPLE v MUMFORD

Docket No. 116513. Submitted December 15, 1989, at Detroit. Decided
April 2, 1990.

Derek C. Mumford and Derrick J. Echols were both charged with
delivery of more than 650 grams of a mixture containing cocaine
and conspiracy to deliver the same, and thus both faced a man-·
datory sentence of life imprisonment without parole if convicted.
Echols was allowed to plead guilty to delivery of between 225
grams and 650 grams of a mixture containing cocaine, which is
punishable by a sentence of not less than ten years nor more
than thirty years, in exchange for a promise to testify against
Mumford. Mumford filed a motion in limine in Macomb Circuit
Court for permission to cross-examine Echols on the sentencing
considerations which influenced Echols' plea bargain. The trial
court, Robert J. Chrzanowski, J., denied the motion on the basis
that such cross-examination of Echols would inform the jury of
the sentence defendant would receive if convicted. Defendant
appealed by leave granted.

The Court of Appeals *held:*

While normally the jury should not be informed of the
possible punishment a defendant will receive if convicted,
where, as here, a defendant's right to confront a witness
against him by bringing out reasons why the witness might be
inclined to give false testimony outweighs the need to keep the
jury ignorant of the sentencing consequences. Accordingly, the
trial court erred in denying defendant's motion to be allowed to
make inquiry into the sentencing considerations which may
have induced Echols to agree to testify, even though such
inquiry would inform the jury of defendant's sentence if con-
victed. It was thus also an abuse of discretion to restrict jury
voir dire on the issue of testimony induced by sentencing
considerations.

Reversed.

REFERENCES

Am Jur 2d, Witnesses §§ 472, 498.
See the Index to Annotations under Accomplices; Cross-Examina-
tion; Guilty Plea; Impeachment of Witnesses; Plea Bargaining.

TRIAL — CROSS-EXAMINATION — PLEA BARGAINS — SENTENCING.
> It is an abuse of discretion for a trial court to refuse to permit the defense to cross-examine a prosecution witness who was permitted to plead guilty to a reduced charge concerning the sentencing considerations which may have induced the witness to testify even if such inquiry will also inform the jury of the sentence defendant will received if convicted.

*Frank J. Kelley,* Attorney General, and *Carl J. Marlinga,* Prosecuting Attorney, for the people.

*James C. Thomas,* and *Richard Paul Zipser & Associates, P.C.* (by *Richard Paul Zipser*), for defendant.

Before: NEFF, P.J., and WAHLS and T. G. KAVANAGH,* JJ.

WAHLS, J. Defendant, Derek Mumford, was charged with delivery of more than 650 grams of a mixture containing cocaine, MCL 333.7401(2)(a)(i); MSA 14.15 (7401)(2)(a)(i), and conspiracy to deliver in excess of 650 grams of a mixture containing cocaine, MCL 750.157a; MSA 28.354(1). Defendant appeals by leave granted from a May 1, 1989, Macomb Circuit Court order denying his motion in limine to permit defendant to cross-examine a prosecution witness, Derrick Jay Echols, who is defendant's former codefendant, on the sentencing consideration which influenced Echols' plea bargain with the prosecutor. We reverse and remand.

As indicated, defendant and Echols originally faced the same charges and the same mandatory sentence of life imprisonment without parole if convicted. MCL 333.7401(2)(a)(i) and (3); MSA 14.15(7401)(2)(a)(i). However, in exchange for his promise to testify against defendant, Echols was allowed to plead guilty to delivery of between 225

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

grams and 650 grams of a mixture containing cocaine, which is punishable by imprisonment for not less than ten years nor more than thirty years. MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii).[1] Before trial, defendant requested that he be permitted to cross-examine Echols on this sentencing disparity in order to challenge Echols' credibility.[2] The trial court denied defendant's request because the proposed cross-examination would also inform the jury of the sentence defendant would receive if convicted.

The general rule is that "the jury should not normally be informed of possible punishment if a defendant is convicted." *People v Holliday,* 144 Mich App 560, 567; 376 NW2d 154 (1985), lv den 424 Mich 902 (1986); *People v Bell,* 88 Mich App 345, 350; 276 NW2d 605 (1979); see *People v Cole,* 382 Mich 695, 717-718; 172 NW2d 354 (1969). The "fear" is that such information may cause the jury to "compromise its integrity and render a verdict based on factors other than the evidence." *People v Goad,* 421 Mich 20, 27; 364 NW2d 584 (1984). "Defendant [is] entitled to a fair trial and to a verdict by the jury upon the evidence without consideration of the punishment to be administered." *People v Warner,* 289 Mich 516, 521; 286 NW 811 (1939).

Although defendant apparently agrees that the prohibition against informing the jury of defendant's possible punishment upon conviction is generally sound, defendant contends that strict adherence to the rule in this case unconstitutionally restricts his right to introduce evidence of all

---

[1] Additionally, the sentencing court may depart downward from the minimum sentence for substantial and compelling reasons MCL 333.7401(4); MSA 14.15(7401)(4).

[2] The prosecutor concurred with defendant in the trial court and also on appeal.

relevant facts bearing upon the credibility of the prosecution's witness against him, namely Echols. According to defendant, a jury can be instructed in these cases that evidence related to sentencing consideration may be considered only for the limited purpose of assessing the witness' credibility and may not be considered for any other purpose. On the other hand, nothing can substitute for the impact on credibility of evidence showing the precise sentencing consideration a witness received in return for his testimony.

It is axiomatic that the credibility of a witness is an issue "of the utmost importance" in every case. *People v Love,* 43 Mich App 608, 613; 204 NW2d 714 (1972); see CJI2d 2.6[3] and CJI2d 3.6[4] It is also axiomatic that evidence of a witness' bias or interest in a case is highly relevant to his credibility. See *id.*; see, also, *Holliday, supra,* pp 566-567; *Bell, supra,* pp 348-350, and cases cited therein.

Due to the undeniable relevance of evidence of a witness' motivation for testifying, the prosecutor must, upon request of defense counsel, disclose to the jury "the fact that immunity or a plea to a reduced charge has been granted to the testifying accomplice [or coconspirator]." *Love, supra,* p 613; *People v Atkins,* 397 Mich 163, 173-174; 243 NW2d 292 (1976); see, also, CJI2d 5.6.[5] Defendant is "entitled to have the jury consider *any fact* which might have influenced an informant's testimony." *People v Monasterski,* 105 Mich App 645, 657; 307 NW2d 394 (1981), lv den 411 Mich 1017 (1981) (emphasis added) *Atkins, supra,* p 174. The disclosure requirement may be considered satisfied where the "jury [is] made well aware" of such facts "by means of . . . *thorough and probing*

---

[3] Formerly CJI 1:2:16.

[4] Formerly CJI 3:1:11-3:1:13.

[5] Formerly CJI 5:2:03.

*cross-examination* by defense counsel." *Atkins, supra,* p 174, emphasis added.

Cross-examination is arguably the most effective, and sometimes the only, tool a defendant has to defend against the charges brought against him. Cross-examination is so critical to a defendant's defense that it is considered the "primary interest secured by the confrontation clause, [US Const, Am VI; Const 1963, art 1, § 20]." *Holliday, supra,* p 567.[6] In *People v Dellabonda,* 265 Mich 486, 499-500; 251 NW 594 (1933), the Michigan Supreme Court explained that "[o]ne of the elementary principles of cross-examination is that the party having the right to cross-examine has a right to draw out from the witness and lay before the jury *anything* tending . . . [to] affect the credibility of the witness." (Emphasis added.) Thus, "a limitation on cross-examination which prevents [defendant] from placing before the jury *facts* from which bias, prejudice or lack of credibility of a prosecution witness might be inferred constitutes denial of the [constitutional] right of confrontation." *United States v Garrett,* 542 F2d 23, 25 (CA 6, 1976), emphasis added; *Davis v Alaska,* 415 US 308, 317-318; 94 S Ct 1105; 39 L Ed 2d 347 (1974); *Holliday, supra,* p 566; *Bell, supra,* pp 348-349.

The sentencing consideration received in return for testimony is undeniably a fact which is relevant to a witness' credibility, because it is "[t]he crux of the plea agreement." *People v Manning,* 434 Mich 1, 55-56; 450 NW2d 534 (1990), LEVIN, J., dissenting.[7] Thus, strict adherence to the rule against informing the jury of a defendant's possible punishment upon conviction deprives defen-

[6] Citing *Davis v Alaska,* 415 US 308, 315; 94 S Ct 1105; 39 L Ed 2d 347 (1974).

[7] The lead opinion in *Manning, supra,* pp 9-10, n 6, apparently agrees with Justice LEVIN's observations on this point.

dant in this case of the opportunity to present to the jury the most important fact of Echols' plea bargain. Application of the rule in this case not only deprives defendant of his constitutional right to confrontation but also leaves the matter to jury speculation. Neither of these results is acceptable. See *Bell, supra,* and *Manning, supra.*

We hold that the trial court abused its discretion when it denied defendant's motion to cross-examine Echols on all of the details of the plea bargain, including the sentencing consideration Echols received in return for his testimony. In light of this holding and the discussion above, we also hold that, like other relevant facts in a case, defendant should be permitted to discuss the sentencing consideration in his opening statement and in his final argument. See MCR 2.507(A) and (E). However, in recognition of the "importance of having a jury search out the truth without distraction by the consideration of the sentence that may be imposed if the jury finds a defendant guilty," defendant should not be permitted "to dwell upon that fact" in his opening statement, his cross-examination of witnesses, or in his final argument. See *Holliday, supra,* p 568. Additionally, the jury should be instructed on the limited purpose for which the evidence may be considered. MRE 105; CJI2d 2.23.[8]

Defendant also argues that he should be permitted to conduct voir dire of prospective jurors with respect to the sentencing consideration Echols received in return for his promise to testify against defendant.[9] The trial court disagreed because of the likelihood that excused jurors would be se-

---

[8] Formerly CJI 3:1:19.

[9] As indicated, the prosecutor concurs with defendant.

lected to sit on juries in cases where the evidence was not admissible for any purpose.[10]

The scope of voir dire is within the discretion of the trial court. *People v Larry Smith (After Remand),* 122 Mich App 202, 206-207; 332 NW2d 401 (1981). However, the trial court may not restrict the scope of voir dire in a manner which prevents the development of a factual basis for the exercise of peremptory challenges. *Id.* On the basis of the discussion above, we hold that it is an abuse of discretion to restrict voir dire on the issue of the sentencing consideration Echols received in return for his testimony, except that the trial court may prevent defendant from dwelling upon it.

Finally, the prosecutor invites this Court to hold that "the penalty provisions [may] be disclosed fully in every case where the penalty is relevant to some other issue," by either the prosecutor or the defendant. We decline that invitation, at this time. Briefly, the holdings above are based primarily on defendant's right to confrontation. See, also, *Manning, supra.*

Reversed and remanded.

---

[10] The prosecutor asserts that "[w]ith several other over 650 gram cases pending in the [Macomb] [C]ircuit there is every likelihood that these jurors would be called to sit on these additional cases."