WHATLEY, Judge.
Christopher A. Scott appeals his conviction for committing a lewd and lascivious act in the presence of a child younger than 16 years of age. We conclude that the trial court erred in excluding evidence that the victim was on probation at the time of Scott’s trial and reverse.
In Daniels v. State, 374 So.2d 1166 (Fla. 2d DCA 1979), this court held that a juvenile who is a key prosecution witness may be questioned about his juvenile probationary status. Such evidence has probative *733 value to show that the witness has motive to testify so as to please authorities who have discretion over his status. See Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Lusk v. State, 531 So.2d 1377 (Fla. 2d DCA 1988) (holding that victim’s probationary status at the time of trial was admissible to show his possible bias); Waits v. State, 450 So.2d 265 (Fla. 2d DCA 1984) (holding that it was error to limit the defendant’s cross-examination of a State witness regarding the witness’s probationary status at the time of trial because such evidence could be used to demonstrate the witness’s bias or motive for testifying); Daniels, 374 So.2d at 1167.
In the present case, there were no other witnesses to the crime and there was no physical evidence connecting Scott to the crime. Consequently, the victim’s credibility was crucial to the State’s case. The victim had been adjudicated delinquent of a felony and was on probation at the time of Scott’s trial. Therefore, the defense should have been allowed to question the victim about her probationary status.
Accordingly, we reverse Scott’s conviction and remand this cause for a new trial.
PARKER, C.J., and CASANUEVA, J., Concur.