BLUE, Acting Chief Judge.
Tyler D. Phillips appeals his convictions for false imprisonment, sexual battery and impersonating a police officer. He presents four evidentiary issues and one sentencing issue. The evidentiary issues are subject to a harmless error analysis. Applying that analysis, we conclude that these alleged errors did not affect the verdict. Additionally, Phillips’ issue regarding sexual predator status was resolved against him subsequent to the briefing in this case. See Collie v. State, 710 So.2d 1000 (Fla. 2d DCA), review denied, 722 So.2d 192 (Fla.), cert. denied, — U.S. -, 119 S.Ct. 624, 142 L.Ed.2d 563 (1998). Accordingly, we affirm.
Although harmless in this case, we write specifically to point out that the trial court’s ruling restricting the cross-examination of the victim was erroneous. The court prohibited the defense from asking the victim about her probationary status. Although it was unclear whether the victim knew she was on probation, that uncertainty went to the weight of the evidence, not to its admissibility. Evidence of a witness’s probationary status has probative value to show that the witness may have bias or motive. See Scott v. State, 730 So.2d 732, 24 Fla. L. Weekly D603 (Fla. 2d DCA 1999).
Affirmed.
WHATLEY and CASANUEVA, JJ., Concur.