PEOPLE v JURKIEWICZ

Docket No. 50081. Submitted March 9, 1981, at Detroit.—Decided
    January 19, 1982.

Gary Jurkiewicz was convicted by a jury in St. Clair Circuit
    Court of being guilty of breaking and entering with intent to
    commit larceny but mentally ill and was sentenced, Halford I.
    Streeter, J. Defendant appeals. *Held:*

The trial court erred when it allowed the arresting officer to
    rebut defendant's insanity defense. The prosecution neither
    filed a notice of rebuttal to defendant's insanity defense nor
    requested permission to file a late rebuttal notice and the trial
    court did not call the officer as its own expert witness. The
    officer's testimony rebutting defendant's insanity defense com-
    pletely surprised defendant and should have been excluded.

Reversed and remanded.

V. J. BRENNAN, P.J., dissented. He would hold that the
    prosecution is required to file a notice of rebuttal of an insanity
    defense only where the rebuttal is to be made by expert
    psychiatric witnesses. The arresting officer was not testifying as
    an expert witness but, rather, as an endorsed res gestae witness
    testifying as to the circumstances surrounding the arrest. The
    defendant was neither unduly surprised nor prejudiced by the
    fact that the witness testified or by the nature of the testimony.
    He would affirm defendant's conviction of being guilty but
    mentally ill.

OPINION OF THE COURT

1. CRIMINAL LAW — INSANITY DEFENSE — REBUTTAL — NOTICE.

Generally, a prosecutor who intends to present evidence in rebut-
    tal of a defense of insanity must give notice of his intention as
    required by statute; failure to comply with the notice require-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5, 6] 21 Am Jur 2d, Criminal Law §§ 68, 70.

[3] 21 Am Jur 2d, Criminal Law § 70.

[4] 31 Am Jur 2d, Expert and Opinion Evidence § 8.

Trial court's appointment, in civil case, of expert witness. 95 ALR2d
    390.

ments necessitates exclusion of the proffered evidence except where the trial court, in its discretion, allows the prosecutor to file a late notice of his intention to call a rebuttal witness (MCL 768.20a[7]; MSA 28.1043[1][7]).

2. CRIMINAL LAW — INSANITY DEFENSE — REBUTTAL — NOTICE.

The purpose of the statute which requires a prosecutor to file notice of his intent to present evidence in rebuttal of a defense of insanity is to prevent surprise at trial (MCL 768.20a[7]; MSA 28.1043[1][7]).

3. CRIMINAL LAW — INSANITY DEFENSE — REBUTTAL — NOTICE.

A trial court has discretion to allow a prosecutor to file a late notice of rebuttal of a defense of insanity notwithstanding the statutory provision that rebuttal evidence must be excluded if the notice statute is not complied with (MCL 768.20a[7], 768.21[2]; MSA 28.1043[1][7], 28.1044[2]).

4. WITNESSES — EXPERT WITNESSES — APPOINTMENT OF WITNESSES — EVIDENCE.

A trial court on its own motion may appoint an expert witness (MRE 706).

DISSENT BY V. J. BRENNAN, P.J.

5. CRIMINAL LAW — INSANITY DEFENSE — REBUTTAL — NOTICE.

*The purpose of the statutory requirement of notice of rebuttal of the defense of insanity in a criminal case is to give a defendant notice that expert psychiatric witnesses may be called against him and to aid a prosecutor in rebutting such a defense; its purpose is not to insure that the whole of the res gestae is produced nor to protect an accused against the suppression of testimony favorable to him (MCL 768.20a[7]; MSA 28.1043[1][7]).*

6. CRIMINAL LAW — INSANITY DEFENSE — REBUTTAL — NOTICE — RES GESTAE WITNESSES.

*The statutory requirement of notice of rebuttal of an insanity defense was not intended to preclude the testimony of an endorsed res gestae witness who offered his opinion after having had ample opportunity to observe the behavior and appearance of the defendant at the time of his arrest (MCL 768.20a[7]; MSA 28.1043[1][7]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,*

Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and D. C. RILEY, JJ.

M. J. KELLY, J. Defendant Gary Jurkiewicz appeals as of right his jury conviction for breaking and entering with intent to commit larceny. MCL 750.110; MSA 28.305. At the conclusion of defendant's trial, the jury returned with a verdict of guilty of the charged offense but mentally ill. The defendant raises a total of nine issues, only one of which merits discussion.

Defendant alleges that the trial court committed error requiring reversal when it permitted the prosecution, during its case in chief, to elicit opinion testimony from the arresting officer regarding the defendant's sanity. It is argued that the lower court should have excluded the officer's testimony since the prosecution failed to file a notice of rebuttal of the defense of insanity as required by MCL 768.20a(7); MSA 28.1043(1)(7). We agree.

If a prosecutor intends to rebut a properly noticed defense of insanity, MCL 768.20a(1); MSA 28.1043(1)(1), there must be filed, prior to trial, a notice of rebuttal conforming to the following statutory prerequisites:

"Within 10 days after the receipt of the report from the center for forensic psychiatry or within 10 days after the receipt of the report of an independent examiner secured by the prosecution, whichever occurs later, but not later than 5 days before the trial of the case, or at such other time as the court directs, the prosecuting attorney shall file and serve upon the defendant a

notice of rebuttal of the defense of insanity which shall contain the names of the witnesses whom the prosecuting attorney proposes to call in rebuttal." MCL 768.20a(7); MSA 28.1043(1)(7).

The penalty for prosecutorial failure to comply with the above provision is statutorily provided in MCL 768.21(2); MSA 28.1044(2):

"If the prosecuting attorney fails to file and serve a notice of rebuttal upon the defendant as provided in section 20 or 20a, the court shall exclude evidence offered by the prosecution in rebuttal to the defendant's evidence relevant to a defense specified in section 20 or 20a. If the notice given by the prosecuting attorney does not state, as particularly as is known to the prosecuting attorney, the name of a witness to be called in rebuttal of the defense of alibi or insanity, the court shall exclude the testimony of a witness which is offered by the prosecuting attorney for the purpose of rebutting that defense."[1]

In this case, the prosecutor admittedly did not file a notice of rebuttal. Despite this procedural infirmity, the prosecutor posed the following direct examination question to the arresting officer during its case in chief:

"Q. (By Mrs. Morman [prosecutor]): Based on the hour to hour-and-a-half contact you had with Mr. Jurkiewicz on April 14, 1979, did you have an opinion at that time as to whether Mr. Jurkiewicz was mentally ill that evening, your own opinion, not as a psychiatrist?

"Mr. Traver [defense counsel]: Same objection, lack of foundation.

"The Court: You may proceed. The objection's been overruled.

_____

[1] We note that this penalty for failure of a prosecutor to file the required notice of rebuttal of insanity applies with equal force to a prosecutor's failure to file a notice of rebuttal to the defense of alibi. MCL 768.20(2); MSA 28.1043(2).

"*A.* At that time the defendant, Mr. Jurkiewicz, appeared normal to me in every way. I had no reason at all to believe that he was mentally ill in any way."

In *People v Williams,* 107 Mich App 798, 800; 310 NW2d 246 (1981), this Court recognized that the purpose of MCL 768.20a; MSA 28.1043(1) was to prevent surprise at trial. The prosecution's failure to comply with the statutory notice requirements necessitates exclusion of the proffered evidence. *Id.,* 800. Although rebuttal evidence must be excluded if the statute is not complied with, the trial court has discretion to allow the prosecution to file a late notice of rebuttal. *Id.,* 800. The trial judge may also call the rebuttal witness as its own expert pursuant to MRE 706. *Id.,* 801.

In this case, the prosecution never filed a notice of rebuttal to defendant's insanity defense. Furthermore, the prosecutor did not request permission to file a late rebuttal notice, nor did the trial court call the officer as its own expert. The officer's testimony rebutting defendant's insanity defense completely surprised defendant and should have been excluded. The trial court erred when it allowed the officer to rebut defendant's insanity defense.

Reversed and remanded for a new trial.

D. C. RILEY, J., concurred.

V. J. BRENNAN, P.J. *(dissenting).* I respectfully dissent. A fair reading of the whole statutory provision of MCL 768.20a; MSA 28.1043(1) leads me to conclude that this section is intended only to proscribe untimely rebuttal by expert psychiatric examiners. The key words are in reference to the clinical findings of either the personnel of the center for forensic psychiatry or any independent

"examiner". In short, this section contemplates the use of expert psychiatric witnesses being used to establish or rebut the issue of defendant's insanity. Hence, it is stated that timely disclosure be given of the witness "after the report of an independent examiner secured by the prosecution". It is the unfair surprise which flows from the untimely introduction of expert testimony that is precluded by MCL 768.20a(7); MSA 28.1043(1)(7).

"The purpose of the notice of rebuttal [MCL 768.20a(7); MSA 28.1043(1)(7)] is to give defendant notice that expert witnesses may be called and to aid the prosecutor in rebutting the defense of insanity. It is not to insure that the whole of the res gestae is produced and to protect the accused against the suppression of testimony favorable to him." *People v Hamm,* 100 Mich App 429, 436; 298 NW2d 896 (1980), *lv den* 411 Mich 888 (1981).

Thus, I am persuaded that this section was not intended to preclude the testimony of a res gestae witness who offered his opinion after having had ample opportunity to observe the behavior and appearance of defendant at the time of his arrest. He wasn't testifying as an expert but, rather, as to the circumstances surrounding the arrest. MRE 701, *People v Alsteens,* 49 Mich App 467, 472; 212 NW2d 243 (1973), *lv den* 391 Mich 826 (1974). Since the officer was an endorsed res gestae witness, the defendant was not unduly surprised or prejudiced by the fact that he testified or by the nature of the testimony. I would affirm the defendant's conviction of being guilty of the charged offense but mentally ill.

An examination of the record has not indicated error requiring reversal in the other issues raised by defendant.