Smolensk, J.
 

 Petitioner appeals by delayed leave granted from the circuit court order denying its motion in limine. We reverse and remand for further proceedings consistent with this opinion.
 

 I. FACTUAL AND PROCEDURAL BACKGROUND
 

 Petitioner charged respondent with second-degree criminal sexual conduct (esc n), MCL 750.520c(l)(a), alleging that respondent had engaged in sexual contact with a person less than thirteen years of age. The incident that formed the basis of this charge occurred when respondent was a minor. Therefore, petitioner brought the instant charge in the family division of the circuit court, as part of a juvenile proceeding.
 

 Before trial, petitioner filed a motion in limine requesting that the trial court bar respondent from questioning the jury during voir dire about the Sex Offenders Registration Act, MCL 28.721
 
 et seq.
 
 Petitioner conceded that registration under the act is not considered a penalty, such as a traditional sentence of incarceration. However, petitioner argued that registration was a consequence of an offender’s conviction, and that the consequences of an offender’s
 
 *351
 
 conviction are generally not revealed to a jury. Petitioner also argued that discussion of the act would cause unfair prejudice because it would likely influence the jury to decide the case on the basis of sympathy for the young respondent, rather than deciding the case on the basis of the facts tending to prove respondent’s guilt or innocence.
 

 Respondent did not argue that registration under the act was relevant to his guilt or innocence. Rather, respondent argued that members of the jury pool might have strongly held opinions regarding the statutory requirement that sex offenders register with the state, and that questioning during voir dire was necessary to determine possible bias. The circuit court denied petitioner’s motion to exclude discussion of the act, ruling that registration was not considered a punishment and was not part of its disposition or sentence. Instead, the circuit court reasoned that the Sex Offenders Registration Act merely imposed requirements that the court was constrained to follow. Therefore, the court concluded that respondent was entitled to question the jury regarding its opinions on the subject of mandatory registration for sex offenders.
 

 We granted petitioner’s delayed application for leave to appeal from the circuit court’s decision.
 
 [1]
 
 In addition, we granted petitioner’s motion for a stay pending the conclusion of this appeal.
 
 [2]
 
 “The scope of voir dire examination of prospective jurors is within the discretion of the trial court and will not be dis
 
 *352
 
 turbed on appeal absent an abuse of discretion.”
 
 People v Bailey,
 
 169 Mich App 492, 500; 426 NW2d 755 (1988). We conclude that the circuit court abused its discretion in ruling that respondent could inform potential jurors regarding the Sex Offenders Registration Act. Therefore, we reverse and remand for trial.
 

 n. INFORMING JURIES ABOUT THE CONSEQUENCES OF A CONVICTION
 

 In
 
 People v Goad,
 
 421 Mich 20, 25-26; 364 NW2d 584 (1984), citing
 
 People v Szczytko,
 
 390 Mich 278, 285; 212 NW2d 211 (1973), our Supreme Court explained the general rule that the consequences of a conviction may not be discussed in the jury’s presence:
 

 The rule in Michigan has always been that neither the court nor counsel should address themselves to the question of the disposition of a defendant after the verdict. Indeed, it is proper for the court to instruct the jury that they are not to speculate upon such matters, and that they are to confine their deliberations to the issue of guilt or innocence.
 

 Under this general rule, references to the disposition of the accused after the verdict are proscribed throughout the entire trial process, including voir dire, arguments of counsel, and jury instructions.
 
 Bailey, supra
 
 at 500-501. It is clear that this rule is intended to prevent a jury from deciding a case on the basis of facts unrelated to the defendant’s guilt or innocence. In
 
 Goad, supra
 
 at 27, this Court quoted the following passage from
 
 People v Warner,
 
 289 Mich 516; 286 NW 811 (1939), as an illustration of this principle:
 

 
 *353
 
 “The jurors should not have concerned themselves with the punishment, and ought to have been plainly told that they ought not to take that into consideration. Their function ended in deducing the truth from the evidence adduced and expressing it in their verdict. Anything said by the court calculated to draw their attention from the performance thereof, and to induce them to rest their conclusion upon ulterior considerations necessarily was misleading and prejudicial.”
 
 State v Kernan,
 
 154 Iowa 672, 677; 135 NW 362; 40 LRA(NS) 239 (1912).
 

 Respondent does not quarrel with this general rule. Instead, respondent argues that the rule should not apply in the present case because registration under MCL 28.721
 
 et seq.
 
 is not considered a penalty or punishment, and is not part of the trial court’s disposition. We agree that registration does not constitute a penalty, such as a sentence of incarceration. Nevertheless, the same policy considerations that weigh against informing a jury of a possible disposition or sentence weigh equally against informing the jury of the requirement that a convicted sex offender register with the state.
 

 m. SEX OFFENDERS REGISTRATION ACT
 

 The Sex Offenders Registration Act requires the registration of individuals convicted of certain listed offenses, including CSC II. MCL 28.723(l)(a), 28.722(d)(ix).
 
 [3]
 
 An individual convicted of a listed offense after October 1, 1995, must register before sentencing, entry of the order of disposition, or
 
 *354
 
 assignment to youthful trainee status. MCL 28.724(5). Such an individual must provide notice to law enforcement if he changes residence, domicile, or place of work or education. MCL 28.725(l)(a). For an individual convicted of esc II, these requirements apply for life. MCL 28.725(7)(b). The Department of State Police maintains a computerized database of registrations that is available to local law enforcement and the public, including access through the Internet. MCL 28.728. The public database excludes individuals who were tried as juveniles. MCL 28.728(2). However, that exclusion does not apply to dispositions of first-degree and second-degree criminal sexual conduct, once the registered individual turns eighteen years old. MCL 28.728(2).
 

 This Court has previously held that the requirements of the Sex Offenders Registration Act do not constitute punishment.
 
 In re
 
 Ayres, 239 Mich App 8, 14-21; 608 NW2d 132 (1999) (act does not violate constitutional prohibition against cruel and unusual punishment);
 
 People v Pennington,
 
 240 Mich App 188, 197; 610 NW2d 608 (2000) (act does not violate constitutional prohibition against ex post facto laws). Nevertheless, the rationale for precluding discussion of a verdict’s consequences applies with equal force to discussion of the statutory requirement that sex offenders register with the state. A jury is barred from considering punishment because the information may distract the jurors from deducing the truth from the evidence and may cause them to base their verdict on ulterior considerations.
 
 Goad, supra
 
 at 27. Regardless of whether the requirements of the Sex Offenders Registration Act are deemed punitive, regis
 
 *355
 
 tration is a consequence of a guilty verdict that is not material to determining guilt or innocence.
 

 In the present case, respondent’s counsel wishes to inform the potential jurors that, if found guilty, respondent would be required to register as a sex offender for the rest of his life and would be listed on a computer database accessible to the public, after he reaches age eighteen. Providing this information may well cause the jurors to sympathize with the young respondent and to base their verdict on “ulterior considerations” such as sympathy, rather than on the evidence.
 
 [4]
 

 Respondent argued below, and the circuit court agreed, that inquiry about the potential jurors’ knowledge of the Sex Offenders Registration Act was appropriate to determine whether any of the potential jurors was prejudiced by the existence of the act or had a bias toward conviction or acquittal, based on knowledge of the act. We conclude that respondent should not be allowed to discuss the act under the guise of trying to uncover bias during jury selection. The general rule proscribing reference to the consequences of a verdict applies to voir dire.
 
 Bailey, supra
 
 at 500-501. If we allowed attorneys to inquire about potential jurors’ views concerning the consequences of a guilty verdict in order to uncover bias, that exception would swallow the general rule, and parties could avoid the general prohibition in every jury trial. The wide discretion afforded a trial court
 
 *356
 
 with respect to voir dire should not include allowing the parties to disclose information concerning the consequences of a guilty verdict.
 

 Reversed and remanded for trial. We lift the stay of proceedings previously granted by this Court. We do not retain jurisdiction.
 

 [1]
 

 People v Spears,
 
 unpublished order of the Court of Appeals, entered April 3, 2001 (Docket No. 232922).
 

 [2]
 

 People v Spears,
 
 unpublished order of the Court of Appeals, entered May 18, 2001 (Docket No. 232922).
 

 [3]
 

 For the purposes of the act, an order of disposition entered in a juvenile proceeding counts as a conviction. MCL 28.722(a)(iii). Therefore, the Sex Offenders Registration Act applies in the present case, despite respondent’s status as a juvenile.
 

 [4]
 

 In fact, respondent impliedly recognizes this fact in his appeal brief, when he states: “The belief of a potential juror that an accused sex offenders [sic] should be required to register, regardless of the fact that they have not been convicted of an offense, could be a deciding factor whether or not a juror voted to convict.”